UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
SOOHAD KHOURY,                                 )
                                           )
         Plaintiff,        )    No. C07-1058RSL
                                           )
     v.                                                    )    CASE MANAGEMENT ORDER
                                           )
ALBERTO R. GONZALES, *et al.*,       )
                                           )
         Defendants.      )
_____ )

This matter comes before the Court on the parties' "Joint Status Report and Discovery Plan" (Dkt. #5). On July 9, 2007, plaintiff filed a Complaint for Writ of Mandamus alleging that defendants have unreasonably delayed processing of his I-485 application for adjustment of status and requesting that the Court mandamus defendants to approve the I-485 application and grant plaintiff an I-551 card (green card). See Dkt. #1. In their joint status report, the parties assert that discovery is inappropriate because this is an Administrative Procedure Act ("APA") case. The Court agrees that the parties are exempt from the requirements in Fed. R. Civ. P. 26(a)(1) and (f) relating to discovery. See Fed. R. Civ. P. 26(a)(1)(E). The parties also agreed that this case may be decided on the administrative record[1] through dispositive motion practice.

___

[1] The joint status report acknowledged that "[d]efendants will be responsible for filing the administrative record with the Court in accordance with the Local Rules." Dkt. #5 at ¶5. Under Local Civil Rule 79(h), the administrative record is due when defendants file their answer. See Local Rule 79(h) ("[T]he record of the agency proceeding shall be filed (1) within thirty days of the filing of the

CASE MANAGEMENT ORDER

See Dkt. #5. Accordingly, the Court ORDERS as follows:

| | |
|---|---|
| Plaintiff shall file a motion for summary judgment by: | **November 19, 2007** |
| Defendants shall file an opposition and cross-motion for summary judgment, if any, by: | **December 17, 2007** |
| Plaintiff shall file a reply and opposition, if any, by: | **January 9, 2008** |
| Defendants shall file a reply, if any, by: | **January 18, 2008** |
| TRIAL | **If necessary, 90 days from the date of the Court's ruling on the motion(s) for summary judgment** |

These dates are set by the Court. All other dates are specified in the Local Civil Rules. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court pursuant to Local Civil Rules 10(g) and/or 7(d)(2), not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown.

## ALTERATIONS TO ELECTRONIC FILING PROCEDURES

As of June 1, 2004, counsel are required to electronically file all documents with the Court. *Pro se* litigants may file either electronically or in paper form. Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov. The following alterations to the Electronic Filing Procedures apply

---

complaint or petition when the administrative agency is the plaintiff or petitioner; or (2) with the answer or return when the administrative agency is the defendant or respondent." Under Fed. R. Civ. P. 12(a)(3)(A), an agency of the United States has 60 days after service to answer. Accordingly, given that service occurred in this case on July 9, 2007 (Dkt. #2), the administrative record is due on **September 7, 2007.**

in all cases pending before Judge Lasnik:

- Section III, Paragraph F - when the aggregate submittal to the court (*i.e.*, the motion, any declarations and exhibits, the proposed order, and the certificate of service) exceeds **50** pages in length, a paper copy of the documents (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers by 10:30 am the morning after filing.  The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

- Section III, Paragraph L - unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not e-mail a copy of the order to the judge's e-mail address.

## PRIVACY POLICY

Pursuant to the General Order of the Court regarding Public Access to Electronic Case Files (filed 5/29/03), parties are to redact the following information from documents and exhibits before they are filed with the court:

* Dates of Birth - redact to the year of birth

* Names of Minor Children - redact to the initials

* Social Security Numbers - redact to the last four digits

* Financial Accounting Information - redact to the last four digits

The General Order was issued pursuant to the official policy on privacy adopted by the Judicial Conference of the United States and can be found on the court's website at http://www.wawd.uscourts.gov/docs.  All documents filed in the above-captioned matter must comply with the Privacy Policy and the General Order.

## SETTLEMENT

Should this case settle, counsel shall notify the Deputy Clerk as soon as possible. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

CASE MANAGEMENT ORDER                -3-

1     DATED this 4th day of September, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

CASE MANAGEMENT ORDER -4-